CARR v GENERAL MOTORS CORPORATION

Docket No. 71203. Submitted February 15, 1984, at Detroit.—Decided June 5, 1984. Leave to appeal applied for.

Plaintiff, James Carr, brought an action in the Wayne Circuit Court against defendant, General Motors Corporation, alleging that he was discriminated against because of a handicap in violation of the Michigan Handicappers' Civil Rights Act (HCRA). Defendant moved for a summary judgment on the ground that the handicap which plaintiff claimed to have, a weight lifting restriction as a result of a back condition, was not a "handicap" as defined in the HCRA. Defendant argued that the employer's duty to accommodate, as set forth in the act, extends only to persons whose handicap is unrelated to the individual's ability to perform the duties of a particular job. Plaintiff argued that the duty to accommodate extends to persons whose handicap is related to the particular job unless it is demonstrated that the accommodation would impose an undue hardship. The trial court, Robert J. Colombo, J., held that the obligation extended only where the handicap was unrelated to the employee's ability to perform the job in question. The court determined that the plaintiff had failed to state a cause of action under the HCRA and granted the summary judgment. Plaintiff appeals. *Held:*

The Legislature specifically intended in 1980 PA 478 to redefine the employer's duty to accommodate by including an obligation to accommodate even if the handicap was job related, provided that that obligation would not impose an undue hardship on the employer.

Reversed and remanded.

V. J. BRENNAN, J., dissented and would agree with the trial court that the back injury labeled by plaintiff as a handicap was not and is not contemplated under the HCRA and that plaintiff has failed to state a cause of action under the act. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 15 Am Jur 2d, Civil Rights § 248.5.

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

OPINION OF THE COURT

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — ACCOMMODA-
   TION — UNDUE HARDSHIP.

   The Michigan Handicappers' Civil Rights Act requires that em-
   ployers accommodate employees for any handicaps the employ-
   ees may have, even if the handicap is job related, unless it can
   be shown that such accommodation will result in undue hard-
   ship (MCL 37.1101 et seq.; MSA 3.550[101] et seq.).

DISSENT BY V. J. BRENNAN, J.

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — ACCOMMODA-
   TION — UNDUE HARDSHIP.

   *The Michigan Handicappers' Civil Rights Act requires that em-
   ployers accommodate employees for any handicaps the employ-
   ees may have which are unrelated to the employee's ability to
   perform the job in question unless it can be shown that such
   accommodation will result in undue hardship (MCL 37.1101 et
   seq.; MSA 3.550[101] et seq.).*

3. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — HANDICAP.

   *The Michigan Handicappers' Civil Rights Act provides that a
   "handicap" for purposes of the act means a determinable
   physical or mental characteristic of an individual or a history
   of the characteristic which may result from disease, injury,
   congenital condition of birth, or functional disorder which is
   unrelated to the individual's ability to perform the duties of a
   particular job or position, or is unrelated to the individual's
   qualifications for employment or promotion (MCL 37.1103[b][i];
   MSA 3.550[103][b][i]).*

*Peter L. Conway,* for plaintiff.

*Francis S. Jaworski,* for defendant.

Before: ALLEN, P.J., and V. J. BRENNAN and
N. J. KAUFMAN,* JJ.

PER CURIAM. Does the employer's duty to accom-
modate, as set forth in the Michigan Handicap-
pers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA
3.550(101) *et seq.,* extend only to persons whose

* Former Court of Appeals Judge, sitting on the Court of Appeals
by assignment.

handicap "is unrelated to the individual's ability to perform the duties of a particular job", or does it extend to persons whose handicap is related to the particular job unless it is demonstrated that the accommodation would impose an undue hardship? On April 22, 1983, the trial court held that the obligation extended only where the handicap was unrelated to the employee's ability to perform the job in question and granted summary judgment to defendant. Plaintiff appeals as of right.

On September 1, 1981, plaintiff filed a complaint in the circuit court for Wayne County alleging that he was discriminated against because of a handicap in violation of the Michigan Handicappers' Civil Rights Act (HCRA). In his complaint, plaintiff alleges that he was employed by defendant on the current product engineering staff in Warren, Michigan, that on August 3, 1972, he underwent a back operation for excision of a ruptured disc, and that as a result of the operation, a weight lifting restriction was placed on plaintiff.

The complaint further alleged that on April 5, 1979, defendant offered plaintiff a job transfer to the dimension group engineering staff in Warren, that the job position offered plaintiff occasionally involved lifting objects in excess of the weight lifting restrictions imposed upon plaintiff, that there were other employees in the dimension group who were physically able to perform the lifting which exceeded plaintiff's restrictions, that defendant could have accommodated plaintiff in the position offered without undue hardship but nevertheless refused to accommodate plaintiff's handicap as required by statute, and that, as a result of such illegal discrimination, plaintiff suffered damages in lost wages and other job-related benefits.

On March 23, 1983, defendant moved for summary judgment on the ground that the handicap which plaintiff claimed to have was not a "handicap" as defined in HCRA. After presentation of oral and written arguments, the trial court granted the motion and by order dated April 22, 1983, plaintiff's complaint was dismissed with prejudice. In his order, the trial judge found that, based on the pleadings, plaintiff had "failed to state a cause of action under the Michigan Handicappers' Civil Rights Act".

On appeal defendant argues, as it did before the trial court, that the HCRA does not protect all persons with handicaps, but only protects persons with handicaps "unrelated to the individual's ability to perform the duties of a particular job or position". In support of this position, defendant says that § 103(b) pointedly states that for purposes of employment a "handicap" is a physical or mental characteristic *"unrelated* to the individual's ability to perform the duties of a particular job or position". Since plaintiff's back condition with the weight lifting restriction imposed thereon is clearly related to the particular job position in question, defendant asserts that plaintiff's condition is not a handicap under the HCRA, and that the trial court was eminently correct in granting summary judgment. Additionally, defendant notes that three recent decisions of the Michigan Court of Appeals have held that the HCRA's protection applies only if the employee "can demonstrate that his handicap is unrelated to his ability to perform the duties of his job". *Shelby Twp Fire Dep't v Shields,* 115 Mich App 98, 103; 320 NW2d 306 (1982); *Dady v Rochester School Bd,* 90 Mich App 381, 389-391; 282 NW2d 328 (1979); *Armstrong v Senior Citizens Housing of Ann Arbor, Inc,* 112 Mich App 804; 317 NW2d 255 (1982).

Plaintiff argues that defendant's reliance on this Court's decisions in *Dady* and *Armstrong, supra,* is suspect because neither of those cases involved employment and, at the time those cases arose, the statute did not include a duty to accommodate a handicapped person in either education or housing. As a result of the *Dady* decision, the Legislature amended the HCRA so as to impose the obligation to accommodate in employment. 1980 PA 478. That amendment added a new subsection to § 102 reading:

"(2) A person shall accommodate a handicapper for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship."

Plaintiff argues that this amendment introduces a new element in the statute which demonstrates the Legislature's intent that the employer's duty to accommodate is present even where the handicap *is related* to a particular job, provided that such duty is not established as imposing an undue hardship. According to plaintiff, the new language makes it improper to grant summary judgment merely because the handicap is related to the person's ability to perform the job; instead, the proper inquiry is whether plaintiff could perform the job if General Motors had made an accommodation for the handicap and whether or not such accommodation would impose an undue hardship on General Motors, these being questions of fact which should go to the jury.

The strict interpretation of the statute urged by defendant in the instant case was recently rejected in *Wardlow v Great Lakes Express Co,* 128 Mich App 54; 339 NW2d 670 (1983). There, on facts

strikingly similar to the situation before us, the trial judge dismissed plaintiff's complaint after a two-day trial. Plaintiff, a truck driver from 1955 to 1978, ruptured a disc in his back in 1956. He returned to the job in 1958 with a 50-pound weight lifting restriction. In 1962, he switched from being an "over-the-road" driver to a city driver. City driving was a more strenuous job than "over-the-road" driving. After being laid off in early 1978 from the city driving job, he requested to return to "over-the-road" work, but, because of the weight lifting restriction, defendant refused to accommodate. Plaintiff sued on grounds that defendant's refusal violated the HCRA. On appeal, defendant argued that plaintiff's injury did not qualify as a "handicap" since the injury was not "unrelated" to the job. That is precisely the defense raised in the case before us. Our Court rejected the defense saying in relevant part:

"Literally reading the act strongly supports defendant's argument that plaintiff is not 'handicapped' under the act. These four duties are to some extent 'related' to the job. Therefore, the handicap is to some extent related to the job. Defendant argues that, because plaintiff is not a handicapper under the act, it has no duty to accommodate." *Wardlow,* p 59.

"If we were to accept defendant's arguments, the act would be practically meaningless. MCL 37.1102; MSA 3.550(102) requires accommodation. However, if we ruled that an employer need not accommodate whenever the handicap is related in any way to the job, we would be ruling that the employer need accommodate only if the handicap is not related to the work. Of course, in that situation, no accommodation is needed in the first place. In other words, defendant's interpretation requires accommodation only when no accommodation is needed." *Wardlow,* p 61.

"Therefore, we are ruling that the act requires that the employer accommodate the employee for any handi-

cap unless the employer shows that such accommodation will result in undue hardship." *Wardlow,* p 64.

*Wardlow* was not released until after briefs had been submitted in the instant appeal. Not surprisingly, upon oral argument, counsel for defendant argued that *Wardlow* was improperly decided and plaintiff's counsel contended that it was one of the finest opinions to come down the appellate pike. This panel unanimously agrees with the reasoning and decision in *Wardlow,*[1] but, because of the importance of the decision involved, decided to inquire further into the merits of the respective claims advanced. Specifically, we inquired further as to whether the Legislature, in enacting 1980 PA 478 which added a new subsection (102[2]) to the statute, intended to strengthen the employer's obligation to accommodate so as to include instances where the obligation existed even though the handicap in question bore some relationship to the job opportunity involved.

1980 PA 478 was introduced by Representative Lynn Jondahl as House Bill 5110. The first analysis of HB 5110, dated April 22, 1980, made by the House Legislative Analysis Section, reads in relevant part:

"The bill would replace the current language specifying the obligation of employers to accommodate handicapped employees or applicants *with the broader provision that all parties would be required to accommodate handicappers for purposes of employment, public accommodation, public service, education, or housing unless it was demonstrated that the accommodation would impose an undue hardship."* (Emphasis added).

[1] One member of the *Wardlow* panel, Judge ALLEN, is a member of the panel on the instant case.

The bill passed the House after some amendments, not pertinent to the instant inquiry, and went to the Senate. There, a bill analysis issued by the Senate Analysis Section on December 8, 1980, contains this explanation of the proposed bill:

"The bill would amend several provisions of the Michigan Handicappers' Civil Rights Act as follows:

"The bill would replace the current language specifying the obligation of employers to accommodate handicapped employees or applicants with the broader provision that all parties would be required to accommodate handicappers for purposes of employment, public accommodation, public service, education, or housing unless it was demonstrated that the accommodation would impose an undue hardship."

The bill passed the Senate without modification of the proposed new subsection 102(2) and was returned to the House where it was enrolled. A second analysis of HB 5110 as enrolled was issued by the House Legislative Analysis Section. That analysis repeats verbatim the language describing the content of the bill appearing in the first analysis, referred to earlier.

Admittedly, there is a conflict between the plain language of § 202(1)(a) that "an employer shall not fail or refuse to hire * * * an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position" and the language of newly added § 102(2) that the employer shall accommodate "unless * * * the accommodation would impose an undue hardship". Understandably, the trial court relied on the wording of § 202(1)(a) and the decisions of this Court in *Shields, supra,* and *Dady, supra,* as justification for issuing the summary judgment to defendant. However, based upon this Court's deci-

sion in *Wardlow* and the several references contained in the bill analysis of HB 5110, we conclude that in 1980 PA 478 the Legislature specifically intended to redefine the employer's duty to accommodate by including an obligation to accommodate even if the handicap was job related, provided that that obligation would not impose an undue hardship on the employer. Any other interpretation would destroy the legislative intent. For if no obligation exists unless the handicap is job unrelated, no accommodation would be required.

Accordingly, the trial court's order of summary judgment is vacated and the cause remanded for trial on the merits. At such hearing, defendant may present proofs that accommodation in the instant situation would impose an undue hardship.

Reversed and remanded in accordance with this opinion. No costs, a question of public importance being involved.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent. I concur with the trial court in its observations that this back injury labeled by plaintiff as a handicap was not and is not contemplated under the Michigan Handicappers' Civil Rights Act, MCL 37.1101, *et seq.;* MSA 3.550(101), *et seq.,* and that plaintiff has failed to state a cause of action under the act.